**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| JASON MOORE, | |
|    Plaintiff, | |
| v. | CIVIL ACTION FILE NO. |
| GOLDSTEIN DENTAL CENTER, PC AND DEBORAH FEARS, | JURY TRIAL DEMANDED |
|    Defendants. | |

## COMPLAINT

Plaintiff brings this Complaint for damages and other relief against Defendants and alleges as follows.

## INTRODUCTION

1.     This is an action for unpaid wages pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## PARTIES

2.     Plaintiff Jason Moore ("Plaintiff" or "Moore") is a resident of DeKalb County, Georgia.

3.     Defendant Goldstein Dental Center, PC ("Goldstein Dental") is a Georgia professional corporation with its principal place of business in Fulton County at 4320 Roswell Road Atlanta, GA 30342.  Goldstein Dental may be served with a Summons and Complaint upon its registered agent, Donald DeHaven, at a 4320 Roswell Road, Atlanta, GA 30342.

4.     Defendant Deborah Fears ("Fears") is a manager at Goldstein Dental, and may be personally served wherever she may be found.

## JURISDICTION AND VENUE

5.     The Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331, because Plaintiff's claim raises a question of federal law.

6.     Under 28 U.S.C. § 1391, venue is proper in the Atlanta Division of the United States District Court for the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred within the Atlanta Division of the United States District Court for the Northern District of Georgia.

**COUNT 1**
**WILLFUL FAILURE TO PAY OVERTIME**

7.      Plaintiff hereby restates and incorporates by reference all previous allegations and statements in this Complaint.

8.      Defendants qualify as "employers" within the meaning of the FLSA. 29 U.S.C. § 203(d).

9.      Plaintiff was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e).

10.     Defendants employed Plaintiff, who engaged in interstate commerce or the production of goods for interstate commerce.

11.     In the three years prior to the filing of this complaint, Defendant Goldstein Dental has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

12.     In the three years prior to the filing of this complaint, Defendant Goldstein Dental has employed one or more individuals who handled materials that traveled in interstate commerce.

13.    Defendant Goldstein Dental is an enterprise with, at all times relevant to this suit, annual gross volume of sales made or business done in excess of $500,000.

14.    Defendant Fears was at all times relevant to this suit, and remains, a manager at Goldstein Dental.

15.    Fears controlled the day-to-day operations of Goldstein Dental, including timekeeping and compensation policies and practices.

16.    Moore worked for Defendants for approximately eight months.

17.    Moore commenced working for Defendants on April 7, 2014.

18.    Moore's final day of work for Defendants was on November 6, 2014.

19.    Moore worked for Defendants as a dental assistant.

20.    Moore's duties including setting up the operatory room, seating patients, replacing sealant, making temporary crowns, among others.

21.    Moore's duties required him to regularly handle and work with dental equipment.

4

22.  At the beginning of Moore's employment, his regular rate of pay was $17.00 per hour.

23.  In July of 2014, Plaintiff's regular rate of pay was increased to $21.00 per hour.

24.  Defendants use a computerized dental practice management program (the "Program") to maintain employee time records.

25.  Defendants required employees to "clock in" using the Program when they arrived at Goldstein Dental each morning.

26.  Defendants required employees to "clock out" using the Program when they departed in the evening.

27.  The Program recorded and preserved the time that each employee clocked in and out.

28.  On several occasions, Moore noticed that the amount of his paychecks was not sufficient to compensate him for the full amount of time that he worked and recorded using the Program.

29.  Moore was not paid for all of the hours that he worked at Goldstein Dental.

30.    In particular, Goldstein Dental did not pay him for certain hours worked in excess of 40 hours per week.

31.    On one specific instance, Fears explicitly told Moore that Goldstein Dental would not pay him for some of his time in excess of 40 hours.

32.    In that instance, Fears deducted approximately 16 overtime hours from his pay.

33.    Upon information and belief, Fears altered time records in the Program, including "clock in" and "clock out" times, for the specific purpose of avoiding the payment of employee wages in excess of 40 hours per week.

34.    The Program maintains a log of any alterations to employee time records, which includes a record of the individual making the alterations, resulting in an audit trail for all "clock in" and "clock out" times.

35.    Defendants' refusal to maintain accurate records of Plaintiff's hours resulted in a violation of the recordkeeping provision of the FLSA, 29 U.S.C. § 211(c).

36.    Defendants' decisions with respect to Plaintiff's compensation show a reckless disregard for Plaintiff's rights under the FLSA.

6

37.   Moreover, Defendants lacked reasonable grounds for believing their pay practices with respect to Plaintiff comported with the requirements of the FLSA.

38.   Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

39.   Pursuant to 29 U.S.C. § 216, Defendants are jointly and severally liable to Plaintiff for all unpaid overtime wages, liquidated damages, and attorney's fees and costs.

## COUNT 2
## BREACH OF CONTRACT

40.   Moore had an agreement with Goldstein Dental that he would be paid an hourly rate for each and every hour he worked.

41.   Goldstein Dental breached the agreement when it failed and/or refused to pay Moore for all of his hours worked.

42.   As a result of the breach, Moore has been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

Based on the allegations set forth in this Complaint, and the evidence as it is developed in this case, Plaintiff respectfully prays for the following relief:

1.      A declaratory judgment against the Defendants that they violated the FLSA and that their violations of the FLSA were willful;

2.      A monetary judgment jointly and severally against the Defendants, including

   (a)      Unpaid wages and overtime,

   (b)      Liquidated damages as provided by the FLSA, and

   (c)      Reasonable costs and attorney fees as provided by the FLSA, and

   (d)      Prejudgment interest;

3.      A monetary judgment against Goldstein Dental for general and special damages;

4.      Such other relief as the Court deems just and proper.

8

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted: February 12, 2015.


MAYS & KERR, LLC
235 Peachtree St NE | Suite 202
Atlanta, GA 30303
T: (404) 410 – 7998
F: (877) 813 – 1845
james@maysandkerr.com
john@maysandkerr.com

James Craig
Georgia Bar No. 940586
(of counsel to Mays & Kerr, LLC)

John L. Mays
Georgia Bar No. 986574

Counsel for Plaintiff